[No. F054363. Fifth Dist. Sept. 10, 2008.]

THE PEOPLE, Plaintiff and Appellant, v.
GARY PLUMLEE, Defendant and Respondent.

COUNSEL

Phillip J. Cline, District Attorney, Don H. Gallian and William E. Yoshimoto, Assistant District Attorneys, Barbara J. Greaver and John F. Sliney, Deputy District Attorneys, for Plaintiff and Appellant.

Susan D. Shors, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

**WISEMAN, Acting P. J.**—A switchblade knife as defined in Penal Code section 653k[1] can also be a dirk or dagger concealed on the person as defined in section 12020, even if it is concealed in its closed position. The superior court erred when, taking the contrary view, it refused to hold defendant Gary Plumlee to answer to a charge of violating section 12020 and later denied the People's motion to reinstate the charge. The record reveals rational grounds for holding Plumlee to answer, so the charge must be reinstated.

## *FACTUAL AND PROCEDURAL HISTORIES*

The district attorney filed a felony complaint against Plumlee on December 4, 2006, charging two counts: carrying a dirk or dagger concealed upon the person (§ 12020, subd. (a)(4)) and using or being under the influence of methamphetamine (Health & Saf. Code, § 11550, subd. (a)). For purposes of determining probation eligibility under section 1203, subdivision (e)(4), the complaint alleged that Plumlee had committed three prior felonies.

At the preliminary hearing on November 9, 2007, a sheriff's deputy testified that he saw Plumlee at the casino at the Tule River Indian Reservation on August 26, 2006. Plumlee was "constantly moving around, unable to stay still." Believing Plumlee was intoxicated, the deputy approached, obtained consent, and performed an evaluation. The deputy arrested and searched Plumlee after concluding that he was under the influence of an illegal stimulant. In the left front pocket of Plumlee's shorts was a folding knife in its closed position. There was a button on the knife which could be activated with a sliding motion of the thumb. The deputy tried it and found that the blade was spring-loaded and opened a fraction of a second after he pushed the button. The blade was about three inches long. The deputy described the knife as a switchblade. He also took a urine sample from Plumlee, which later tested positive for methamphetamine.

---

[1] Subsequent statutory references are to the Penal Code unless otherwise noted.

The People asked the court to hold Plumlee to answer to the two counts. Plumlee conceded that there was sufficient evidence to hold him on the drug charge. He argued that he should not be held to answer to the charge of possessing a dirk or dagger, however, because "folding knives are not dirk[s] or daggers unless they are carried in an open and locked position." He asserted that he could at most be charged with possessing a switchblade, a misdemeanor. The dirk-or-dagger offense is a wobbler; here it was charged as a felony.

The court accepted Plumlee's position after inquiring about the knife's operation:

"THE COURT: By operating with the thumb and pressing this lever or button, then did it come straight out of the handle or did it—[¶] . . . [¶]

"THE DEFENDANT: It comes sideways.

"THE COURT: It looks like it comes sideways. [¶] . . . [¶]

"MR. SOLTESZ [defense counsel]: . . . From the picture it looks like a sideways knife.

"THE COURT: It does. I'm going to find that it does not conform to the statutory language of a dirk or dagger. But he would—he could be found criminally liable as a misdemeanor."

The court held Plumlee to answer to the drug charge. It also held him to answer to a misdemeanor weapon charge, though the record is unclear regarding exactly which charge. At the hearing, the court said yes when defense counsel asked if it was "a 417 misdemeanor," but this cannot be correct, since section 417 requires drawing, exhibiting, or using a weapon, facts that are not at issue here. On appeal, the parties agree that the court must have intended a misdemeanor charge under section 653k.

The People filed a motion pursuant to section 871.5 to reinstate the section 12020 charge, which was heard on December 4, 2007. The parties agreed that the knife was a switchblade and was found in the closed position. The court found that, under those stipulated facts, the offense was a violation of section 653k, which makes it a misdemeanor to carry a switchblade knife. It ruled that, because section 653k is "a very specific statute," section 12020 "does not apply." The People's motion was denied and this appeal followed.

## DISCUSSION

In reviewing the court's denial of the prosecution's section 871.5 motion to reinstate the charge, we disregard the ruling on the motion and directly

examine the magistrate's decision to dismiss at the preliminary hearing. (*People v. Massey* (2000) 79 Cal.App.4th 204, 210 [93 Cal.Rptr.2d 890].) We review the magistrate's legal conclusions de novo, but are bound by any factual findings the magistrate made if they are supported by substantial evidence. If the magistrate makes no controlling findings of fact, we review the record independently. If, in carrying out an independent review, we determine that the evidence supplied a rational ground for holding the defendant to answer, we must reinstate the charge. (*People v. Slaughter* (1984) 35 Cal.3d 629, 639–640 [200 Cal.Rptr. 448, 677 P.2d 854].)

It is undisputed (1) that the knife had a three-inch blade which sprang open from the side of the handle when a button was activated with a thumb; (2) that this meant it was a switchblade; and (3) that it was found folded and closed inside Plumlee's front pants pocket. We must determine whether a knife of this description is a dirk or dagger within the meaning of section 12020. This is a question of law that we decide independently.

Section 12020 provides:

"(a) Any person in this state who does any of the following is punishable by imprisonment in a county jail not exceeding one year or in the state prison: [¶] . . . [¶]

"(4) Carries concealed upon his or her person any dirk or dagger."

Section 12020, subdivision (c)(24), defines "dirk or dagger": "As used in this section, a 'dirk' or 'dagger' means a knife or other instrument with or without a handguard that is capable of ready use as a stabbing weapon that may inflict great bodily injury or death. A nonlocking folding knife, a folding knife that is not prohibited by Section 653k, or a pocketknife is capable of ready use as a stabbing weapon that may inflict great bodily injury or death only if the blade of the knife is exposed and locked into position."

Section 653k provides:

"Every person who . . . carries upon his or her person . . . a switchblade knife having a blade two or more inches in length is guilty of a misdemeanor.

"For the purposes of this section, 'switchblade knife' means a knife having the appearance of a pocketknife and includes a spring-blade knife, snap-blade knife, gravity knife or any other similar type knife, the blade or blades of which are two or more inches in length and which can be released automatically by a flick of a button, pressure on the handle, flip of the wrist or other mechanical device, or is released by the weight of the blade or by any type of

mechanism whatsoever. 'Switchblade knife' does not include a knife that opens with one hand utilizing thumb pressure applied solely to the blade of the knife or a thumb stud attached to the blade, provided that the knife has a detent or other mechanism that provides resistance that must be overcome in opening the blade, or that biases the blade back toward its closed position."

■ To determine whether the magistrate erred in this case, we must interpret these statutes. In interpreting a statute, our objective is "to ascertain and effectuate legislative intent." (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1007 [239 Cal.Rptr. 656, 741 P.2d 154].) To the extent the language in the statute may be unclear, we look to legislative history and the statutory scheme of which the statute is a part. (*People v. Bartlett* (1990) 226 Cal.App.3d 244, 250 [276 Cal.Rptr. 460].) We look to the entire statutory scheme in interpreting particular provisions "so that the whole may be harmonized and retain effectiveness." (*Clean Air Constituency v. California State Air Resources Bd.* (1974) 11 Cal.3d 801, 814 [114 Cal.Rptr. 577, 523 P.2d 617].) "In the end, we ' "must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." [Citation.]' " (*Torres v. Parkhouse Tire Service, Inc.* (2001) 26 Cal.4th 995, 1003 [111 Cal.Rptr.2d 564, 30 P.3d 57].)

■ The meaning of the language in section 12020 is fairly straightforward. Subdivision (c)(24) of that section states that a folding knife *not* prohibited by section 653k—i.e., a knife that is not a switchblade—can be a dirk or dagger only if the knife is open. This implies that a folding knife that *is* prohibited by section 653k—a switchblade—can be a dirk or dagger even when it is closed. The reference to section 653k here would have no point if the Legislature did not intend to treat switchblades differently from other folding knives in exactly this respect. In reaching our conclusion, we agree with the dictum in *In re Luke W.* (2001) 88 Cal.App.4th 650, 656 [105 Cal.Rptr.2d 905], that "[s]ection 12020, subdivision (c)(24) does not exempt from the definition of 'dirk or dagger' folding knives prohibited by section 653k."

■ Further, this is not a case in which a more specific statute with a lesser penalty prohibited the same conduct as a more general statute with a greater penalty, necessitating a charge under the more specific statute. This specific-over-general rule applies only where each element of the more general offense is also an element of the more specific offense, or it appears from the entire context that a violation of the more specific statute will result in a violation of the more general statute. (*People v. Walker* (2002) 29 Cal.4th 577, 585 [128 Cal.Rptr.2d 75, 59 P.3d 150].) The dirk-or-dagger offense has an element not included in the switchblade offense: A defendant must *conceal*

a dirk or dagger on his or her person to violate section 12020, but need only *carry* a switchblade to violate section 653k. As a result, a violation of section 653k will not always result in a violation of section 12020, subdivision (a)(4). The switchblade offense is therefore not more specific than the dirk-or-dagger offense for purposes of the specific-over-general rule. As a result, the choice between the two applicable statutes was within the prosecutor's discretion. (See *Davis v. Municipal Court* (1988) 46 Cal.3d 64, 81 [249 Cal.Rptr. 300, 757 P.2d 11] ["District attorneys are continually faced with factual situations . . . which would legally support the filing of either felony or misdemeanor charges" and must exercise discretion in choosing between them].)[2]

■ From all we have said, it follows that Plumlee's switchblade was a dirk or dagger if it was capable of ready use as a stabbing weapon that could cause great bodily injury or death. The magistrate made no finding that it did not fit this description, so there is no factual finding to which we must defer. The question is whether a rational ground existed for finding that it was such a weapon. We conclude that a ground did exist: The knife was found in Plumlee's front pants pocket, it could be opened in a fraction of a second with the push of a button, and it had a three-inch blade.

Defendant claims the court found that the knife was not capable of ready use as a stabbing weapon; however, we do not see any support in the record for his position. To the contrary, the court found that the knife was a "sideways knife" and "does not conform to the statutory language of a dirk or dagger." We do not read this statement as a finding that the knife was not capable of ready use as a stabbing weapon. In any event, even if the court had made that finding, it would not have been supported by substantial evidence. The fact the blade emerged from the side of the handle provides no support for the conclusion that the knife was not capable of ready use.

To summarize: The court's decision to dismiss was based on the mistaken view that a switchblade cannot be a dirk or dagger. It made no controlling findings of fact. The evidence presented at the preliminary hearing included a rational ground for believing Plumlee committed the charged offense, a violation of section 12020, subdivision (a)(4). Consequently, we conclude that the court erred as a matter of law and the charge may be reinstated.

---

[2] We are not presented with the situation in which the magistrate exercises his or her power to reduce a wobbler charged as a felony to a misdemeanor. (§ 17, subd. (b)(5); *People v. Wilkinson* (2004) 33 Cal.4th 821, 840 [16 Cal.Rptr.3d 420, 94 P.3d 551].) Here, the court held that section 12020 did not apply at all—not that it applied but that the offense should have been charged as a misdemeanor.

## *DISPOSITION*

The order denying the People's motion to reinstate the complaint is reversed. The trial court shall reinstate count one of the complaint, alleging that Plumlee violated section 12020, subdivision (a)(4).

Levy, J., and Kane, J., concurred.

Respondent's petition for review by the Supreme Court was denied December 10, 2008, S167299.